UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DONALD PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-575 |
| | ) | (VARLAN/GUYTON) |
| PINKERTON GOVERNMENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendant's Motion to Dismiss Or, In the Alternative, to Stay Litigation and Compel Arbitration [Doc. 6]. Defendant contends plaintiff is contractually prohibited from pursuing his retaliatory discharge claim in this Court because plaintiff agreed to "mandatory, final and binding arbitration" as a condition of his employment with defendant. [*See* Doc. 5]. Plaintiff contends that defendant's attachment of the arbitration agreement in question [Doc. 5-3] converts defendant's motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56, and that the record is too ambiguous for the Court to "make a definitive determination" on defendant's motion. [*See* Doc. 7]. Plaintiff points to what he regards as six "areas of ambiguity" preventing plaintiff from meaningfully responding to defendant's motion.

For the reasons that follow, the Court will grant Defendant's motion to stay litigation and compel arbitration and accordingly will stay these proceedings pending the completion of the arbitration.

**I.     Relevant Facts**

According to plaintiff, he was employed by defendant in Spring City, Tennessee, from approximately March 18, 2002, until he was discharged sometime in January 2003.  Plaintiff asserts a claim of retaliatory discharge, pursuant to 42 U.S.C. § 2000(b).

According to defendant, plaintiff signed an arbitration agreement in which the parties agreed to submit all disputes arising out of the employment relationship to binding arbitration. [*See* Doc. 5; *see also* Doc. 5, Exh. 3].  The agreement, entitled "Acknowledgment of Receipt of and Agreement to Pinkerton's Arbitration Program" [Doc. 5, Exh. 1] and dated March 13, 2002, refers to another document, entitled "Pinkerton's Arbitration Program" [Doc. 5, Exh. 2], which contains the terms and conditions of the arbitration agreement.  The agreement states that plaintiff, by signing, understood and agreed to comply with the terms of the Pinkerton Arbitration Program.  [*See* Doc 5-2].  Finally, the agreement states that compliance with the Pinkerton Arbitration Program is a condition of employment. [*See id.*].

Pinkerton's Arbitration Program [Doc. 5, Exh. 2] includes a section, entitled "Claims Covered by the Program," which contains the following pertinent provision:

> Any claims or controversies ("Claims") either Pinkerton may have against an associate or an associate may have against the Company or against its officers, directors, associates or agents in their capacity as such, must be resolved by arbitration instead of the courts, whether or not such claims arise out of an associate's employment (or its termination).  The claims covered include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for harassment, discrimination (including, but not limited to race, sex, religion, national origin, age, marital status, or medical condition, handicap or disability); claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration

procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following paragraph. This provision includes, but is not limited to, Title VII, Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Family Medical Leave Act and the Fair Labor Standards Act, and comparable state statutes. [Doc. 5-3 at 10].

In the following paragraph, beneath the title "Claims Not Covered by the Program," defendant states that employees may have workers' compensation and unemployment compensation benefits not covered by the arbitration program. [*See id.* at 11]. Plaintiff does not concede that he signed the arbitration agreement.[1] [*See* Doc. 7 at 2].

Plaintiff also argues that the "record is far from clear at this preliminary stage as to what the Defendant is claiming Plaintiff agreed to, and, once that is determined, whether the provisions of the alleged agreement are valid. Plaintiff simply does not have adequate information at this time to meaningfully respond to Defendant's Motion." [*Id.*]. Plaintiff further points out six "areas of ambiguity" that "illustrate [his] quandary." [*Id.*]. Those alleged ambiguities are (1) which American Arbitration Association model Employment Arbitration Procedures apply to plaintiff; (2) what specific procedures plaintiff "is being asked to address;" (3) which city the agreement contemplates as the site for the arbitration; (4) what arbitrator selection procedure is required; (5) what responsibilities the parties have

---

[1] During oral argument, plaintiff's counsel stated that it is premature for plaintiff to acknowledge signing the document, given the state of the record, but that plaintiff would acknowledge that he signed the document at the appropriate time.

for costs associated with the arbitration; and (6) how defendant interprets a clause regarding the finality of the arbitrator's decisions. [*See id.* at 2-4].

In response to plaintiff's claims of ambiguity, defendant contends that plaintiff has offered nothing that would render the arbitration agreement unenforceable. [*See* Doc. 10]. Instead, defendant argues, plaintiff has offered only "generalized attacks" on the adequacy of the arbitration procedure. Furthermore, defendant argues that plaintiff's contentions that the location and costs for the arbitration might be prohibitively expensive is unsupported by any evidence. Finally, defendant argues that plaintiff has failed to present any evidence to lead to the conclusion that the binding nature of the arbitration renders the agreement unenforceable.

**II.     Analysis**

As an introductory matter, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56 where "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b)(6). In the present case, defendant included exhibits with its motion to dismiss [*See* Docs. 5, 6]. Therefore, the Court will treat defendant's motion to dismiss as a motion for summary judgment pursuant to Rule 56. To prevail in its motion for summary judgment, defendant must establish that there is no genuine issue as to material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Moving to the substantive issue, statutory claims, such as plaintiff's retaliatory discharge claim, may be the subject of an arbitration agreement enforceable under the

4

Federal Arbitration Act. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *see also McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004). In fact, federal law favors arbitration agreements. *See Gilmer*, 500 U.S. at 25 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Moreover, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2001). "The party resisting arbitration bears the burden of proving the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. – Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

A contractual agreement to arbitrate may be invalidated by a showing of fraud, duress, mistake, unconscionability or any other ground upon which a contract may be set aside. *Haskins v. Prudential Ins. Co. of Amer.*, 230 F.3d 231, 239 (6th Cir. 2000). The Federal Arbitration Act provides that arbitration agreements may be attacked on such grounds as exist at law or in equity for the revocation of a contract. 9 U.S.C. § 2. In deciding whether a contract is enforceable, the Court must look to Tennessee contract law. *See Perry v. Thomas*, 482 U.S. 483 (1987).

Plaintiff asserts that there are ambiguities in the arbitration agreement and doubts as to how defendant intends to interpret certain provisions that prevent its enforcement.[2] [*See* Doc. at 2-4]. Even assuming the arbitration agreement and sixteen-page accompanying

---

[2] During oral argument, defendant's counsel brought to the Court's attention that in April 2005 he forwarded a letter to plaintiff's counsel addressing each of the ambiguities plaintiff raised. Although that letter is not before the Court as part of the record for the purposes of the instant motion, it does seem to address plaintiff's concerns about defendant's interpretation of the arbitration agreement.

5

document to be ambiguous, the Court is bound to resolve any ambiguities in favor of arbitration. *See Stout*, 228 F.3d at 714. Therefore, in the present case, the issue before the Court is whether there is a genuine issue of material fact as to whether the arbitration agreement is unenforceable. *See* 9 U.S.C. § 2; *Haskins*, 230 F.3d at 239.

Plaintiff, however, has been careful to avoid attacking the enforceability of the arbitration agreement. Instead, plaintiff has argued that neither he nor the Court can even reach the issue of enforceability because the record is too ambiguous.[3] While the record might be insufficient for the purposes of summary judgment on the underlying claim in this case, the record does not evidence the kind of ambiguity that would prevent the Court from considering the enforceability of the arbitration agreement.

The record contains the arbitration agreement [*see* Doc. 5, Exh. 1], the arbitration program terms and conditions [*see* Doc. 5, Exh. 2], and an affidavit authenticating both documents [*see* Doc 5, Exh. 3]. In addition, defendant provided the AAA's National Rules for the Resolution of Employment Disputes [Doc. 10, Exh. 1].[4] The record provides a sufficient basis for the Court to evaluate the enforceability of the arbitration agreement.

---

[3]While plaintiff argues that the record is too ambiguous for the Court to make a determination on defendant's motion, plaintiff has not requested discovery pursuant to Fed. R. Civ. P. 56(f).

[4] At oral argument, plaintiff suggested that these rules are not technically part of the record and cannot be considered by the Court. The Court disagrees, however. The rules were attached, as an exhibit, to defendant's reply brief. [*See* Doc. 10, Exh. 1]. They are also publicly available, not unlike the Model Penal Code or Model Rules of Professional Conduct. *See National Rules for the Resolution of Employment Disputes*, American Arbitration Association, *at* http://www.adr.org/sp.asp?id=22075 (September 26, 2005). Therefore, they may be considered by the Court.

The perceived ambiguity about the version of the Employment Arbitration Procedures does not render the agreement unenforceable. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 509-13 (6th Cir. 2004) (AAA rules in effect at time of motion to compel arbitration govern dispute). Likewise, plaintiff's concern about the arbitrator selection process does not render the agreement unenforceable. *See McMullen*, 355 F.3d at 494 (Sixth Circuit endorsed practice of allowing AAA to select pool of arbitrators). The concerns about the location of the arbitration and cost responsibilities do not render the agreement unenforceable because plaintiff has presented no specific evidence that the location would be prohibitively expensive. *See Green Tree Fin.*, 531 U.S. at 92 (party attempting to invalidate arbitration agreement based on prohibitive expense bears burden of showing likelihood of incurring cost). Finally, plaintiff's question regarding the finality of the arbitrator's decision does not render the agreement unenforceable. *See* 9 U.S.C. § 10(a) (enumerating circumstances under which court may vacate arbitration award). In short, plaintiff has failed to carry his burden to present evidence that the arbitration agreement is unenforceable under Tennessee contract law. *See Perry*, 482 U.S. 483.

Therefore, the Court finds that there is no genuine issue of material fact as to the enforceability of the arbitration agreement. The arbitration agreement is enforceable. Based on that finding, defendant asks the Court to dismiss the case or, alternatively, to stay the case pending arbitration of plaintiff's claims. Based upon 9 U.S.C. § 3, the Court will stay this case pending the outcome of arbitration instead of dismissing this case at this time.

**III. Conclusion**

Plaintiff has failed to present evidence that the arbitration agreement is unenforceable. Therefore, the Court will grant defendant's motion to stay the litigation and compel arbitration [Doc. 6]. The Court declines to dismiss the case at this time and will stay these proceedings pending the completion of arbitration. *See* 9 U.S.C. § 3.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE